# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| EDWARD B. BENNETT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV411-126 |
| GOV. SONNY PURDUE, GOV. NIKIE HALEY, CHATHAM COUNTY SHERIFF AL ST. LAWRENCE, RICHARD DENT, OFFICERS ON DUTY CHATHAM COUNTY, TRANSPORTING OFFICERS, and AL. J. CANNON CHARLESTON COUNTY SHERIFF, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Edward B. Bennett's petition seeking a "writ of habeas corpus" and "civil damages." (Doc. 1.) Complaining that he has been denied his right to a speedy trial and necessary medical care, he seeks release from confinement and civil damages. (*Id.*) Bennett, however, may not seek both civil damages and release from custody in the same suit. The federal habeas statutes do not permit claims for civil damages. They are solely used to attack illegal custody. *See Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between

using 42 U.S.C. § 1983 to pursue damages, and habeas for claims affecting confinement). And, while § 1983 may support a claim for damages, it cannot be used to obtain release from custody. *Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

At best, Bennett, a frequent-filer in this Court,[1] has mistakenly tried to combine the two causes of action into one. At worst, he is intentionally attempting to avoid paying the higher civil filing fee applicable to § 1983 actions. *See* 28 U.S.C. § 1914 (setting a $5 filing fee for habeas actions and a $350 filing fee for civil actions). Regardless, the Clerk is **DIRECTED** to forward Bennett a copy of both the standard form habeas petition and § 1983 form complaint, along with the appropriate *in forma pauperis* forms. If Bennett wishes to proceed with either his claim for damages or his request for release, he may submit, under the existing case number (CV411-126), *one* of the two forms for

---

[1] *See Bennett v. U.S. Bureau of Prisons*, No. CV206-091 (S.D. Ga. Apr., 23 2009) (*Bivens* action dismissed for failure to respond to a court order; *Bennett v. Hickley*, No. CV208-090 (S.D. Ga. May 4, 2009) (§ 2241 petition dismissed for failure to exhaust administrative remedies); *Bennett v. Haynes*, No. CV210-196 (S.D. Ga. Apr. 11, 2011) (§ 1983 action dismissed for failure to state a claim).

filing in this case. To prevent any filing confusion, he shall write the current case number, CV411-126, on the body of the petition or complaint with which he wishes to proceed. The Clerk is **DIRECTED** to docket that filing as an amended complaint or petition.

If Bennett fails to respond within 14 days of the date of this Order, this case will be dismissed.

**SO ORDERED** this __26th__ day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA